DAVID MASON, Appellant, v. THOMAS HAND, Respondent.

(GENERAL TERM, SIXTH DISTRICT, MAY, 1869.)

When an action is brought directly upon a contract, express or implied, to recover the moneys due thereby, the summons should be framed in accordance with sub. 1, of § 129 of the Code.

*The People* v. *Bennett* (6 Abb., 343) upon this point, approved and followed.

When the action seeks to recover damages arising from a breach of contract, the summons should be in the form required by sub. 2 of said section. *Semble.*

The complaint claimed a larger amount than that demanded by the summons.—*Held*, the variance was immaterial.

APPEAL from an order of the Special Term setting aside a complaint for variance from the summons. The summons demanded judgment for seventy-five dollars in money, while the complaint contained two counts, both apparently for the same cause of action, to wit : Board, and other necessaries, supplied by the plaintiff to the defendant's infant daughter ; the first being founded on an alleged promise to pay therefor and the second upon a *quantum meruit.* The damages demanded by the complaint were $110. The Special Term order sets aside the complaint unless, &c.

*B. R. Johnson*, for the appellant.

*E. S. Sweet*, for the respondent.

Present—BALCOM, BOARDMAN and PARKER, JJ.

By the Court—BOARDMAN, J. · This court, in the case of · *Hubbell* v. *Hubbell* (MSS., opinion Genl. Tr.) adopted the rule laid down by BIRDSEYE, J., in *The People* v. *Bennett* (6 Abb., Pr. R., 343, 349), as follows : " When the action is brought for the recovery of a sum of money payable by the contract on which the action is brought, whether the contract be written or verbal, express or implied, and even if it be no more than a legal duty or liability, whether imposed by statute or declared by the judgment of a court, if the sum

sued for is certain in amount, or capable of being reduced to certainty by computation, then the summons must be in the form prescribed by sub. 1 of § 129." In 1 Tilling & Sh., Pr., 356, etc., the authorities are collected and considered, and the same conclusion arrived at.

The cases of *Tuttle* v. *Smith* (6 Abb., Pr. R., 329, 14 How., 395), *Kidder* v. *Whitlock* (12 How., 208), *Cobb* v. *Dunkin* (19 id., 164), *Norton* v. *Carey* (14 Abb., 364, 23 How., 469), *Garrison* v. *Carr* (34 How., 187), cited by defendant, are none of them exceptions to the rule above laid down. Each of the above actions was brought, in part at least, to recover damages for a *breach* of contract. The gravamen of the complaint is the breach of the contract and the damages. The contract is only necessary as inducement. The cases cited by defendant hold that actions for damages arising from a breach of contract come under the 2d sub. of § 129, in which opinion this court entirely concur. But when the action is directly upon the contract, express or implied, to recover the moneys due thereby, the summons should be framed in accordance with the 1st sub. of § 129.

If the summons be so framed, and demands money only, it matters not what the complaint may claim by way of damages in case of default, since judgment can be taken for no greater sum than is claimed in the summons. (Code, § 246, sub. 1.) The variance between the amounts claimed in the summons and in the complaint is, therefore, immaterial, and cannot prejudice the defendant.

The order appealed from should be reversed, with ten dollars costs, and the defendant's motion denied, with ten dollars costs.